UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BENNY OLIVENCIA,

    Petitioner,

    v.

YATES, Warden,

    Respondent.

No. C 12-3324 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed by a state prisoner. On August 31, 2012, this case was dismissed without prejudice as petitioner failed to file an application to proceed in forma pauperis or pay the filing fee as directed by the court. On October 1, 2012, petitioner filed an application to proceed in forma pauperis and the case was later reopened. The court will now review the habeas petition. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted of second degree murder and sentenced to life in prison on July 10, 1998.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

B.   **Legal Claims**

Petitioner challenges only the $10,000 restitution fine imposed as part of his sentence. The Ninth Circuit has recently held that the federal district courts do not have habeas jurisdiction over such claims.

The term "in custody" appears twice in 28 U.S.C. § 2254(a), with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (*i.e.*, that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. *Id.* at 978-79. The second usage (*i.e.*, that the application can be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. *See id.* at 980 (second custody requirement not satisfied for claim that counsel was ineffective in not objecting to restitution order because success might cause money award to be set aside but would not affect any restraint on petitioner's liberty). That petitioner is subject to a restitution requirement does not confer jurisdiction on a federal court to review such a non-custodial aspect of the sentence. *See id.* at 981. Granting petitioner a writ of habeas corpus on this claim would not result in a change in his liberty, but would only change his obligation to pay the restitution.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 9 on the docket) is **GRANTED**.

2. The petition is **DISMISSED** for lack of jurisdiction. Furthermore, because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 27, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Olivencia3324.dsm2.wpd